

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-20-00039-CV
_____

## IN RE: THE COMMITMENT OF ANTHONY BERNARD WILEY

═══════════════════════════════════

### On Appeal from the 89th District Court
### Wichita County, Texas
### Trial Court No. 186,685-C; Honorable Charles Barnard, Presiding

═══════════════════════════════════

November 4, 2021

## ORDER ON MOTION FOR EN BANC RECONSIDERATION

### Before QUINN, C.J., and PIRTLE and PARKER and DOSS, JJ.

On August 11, 2021, this court affirmed a jury finding that Appellant, Anthony Bernard Wiley, is a sexually violent predator.[1]  Wiley's motion for rehearing was denied on August 31, 2021.  Pending before this court is a *Motion for En Banc Reconsideration or to Recuse* filed by Wiley.[2]  The issue of recusal was certified to the four justices of this

---

[1] *See In re Commitment of Wiley*, No. 07-20-00039-CV, 2021 Tex. App. LEXIS 6609, at *12 (Tex. App.—Amarillo Aug. 11, 2021, no pet. h.) (mem. op.).

[2] We note that Rule 41.2(c) of the Texas Rules of Appellate Procedure provides that en banc consideration is not favored.  TEX. R. APP. P. 41.2(c).

court and pursuant to Rule 16.3 of the Texas Rules of Appellate Procedure, the request was denied. The court now considers the portion of Wiley's motion by which he requests en banc reconsideration of our prior opinion. The request is denied with these additional comments.

Wiley contends this court incorrectly determined that he is a repeat sexually violent offender under the Civil Commitment of Sexually Violent Predator's Act.[3] He again maintains the evidence is insufficient to show that he has "more than one sexually violent offense."

The Act defines a "sexually violent offense" as an offense under section 21.02 (continuous sexual abuse of a child), section 21.11(a)(1) (indecency with a child younger than seventeen), section 22.011 (sexual assault), or section 22.021 (aggravated sexual assault) of the Penal Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.002(8)(A). The Act also defines a sexually violent offense as an offense under section 30.02 (burglary) of the Penal Code "if the offense is punishable under Subsection (d) of that section and the person committed the offense with the intent to commit" an offense listed in paragraph (A) or (B).[4] *See id.* at § 841.002(8)(C). Wiley disputes that his 1995 burglary conviction qualifies as a sexually violent offense. We disagree.

The record before us includes a copy of the July 5, 1995 conviction for burglary of a habitation. Wiley posits that the conviction does not qualify as one of the predicate offenses included in the definition of a "sexually violent offense" under section

---

[3] TEX. HEALTH & SAFETY CODE ANN. §§ 841.001-151 (West 2017 & Supp. 2020).

[4] Paragraph (B) referencing section 20.04 of the Penal Code relates to aggravated kidnapping.

2

841.002(8)(A) of the Act because he was charged under the theory that he "attempted to commit and committed" aggravated sexual assault and not under the theory that he entered the habitation "with the intent to commit" aggravated sexual assault. Not only is the element of "intent to commit" a sexual assault subsumed within the offense charged, Wiley's argument is a collateral attack on the judgment of conviction. A criminal conviction cannot be collaterally attacked in a commitment proceeding. *See In re Commitment of Eeds*, 254 S.W.3d 555, 557-58 (Tex. App.—Beaumont 2008, no pet.).

Wiley's *Motion for En Banc Reconsideration* is denied.

Per Curiam